UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

STEVEN JUDE HOFFENBERG,

              Petitioner,             00 Civ. 1686

   -against-                        OPINION

UNITED STATES OF AMERICA,

              Respondent.

------------------------------------X

A P P E A R A N C E S:

       Pro Se

       STEVEN JUDE HOFFENBERG
       #35601-054
       Fort Dix Prison
       Fort Dix, NJ  08640

       Attorneys for Respondent

       PREET BHARARA
       United States Attorney
       Southern District of New York
       One St. Andrew's Plaza
       New York, NY  10007
       By:  Alvin L. Bragg, Jr., Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/26/10

**Sweet, D.J.**

Petitioner Steven Hoffenberg ("Hoffenberg" or the "Petitioner") has moved pro se under Rule 60(b)(3) and (6) of the Federal Rules of Civil Procedure (i) to reopen the judgment entered by this Court denying Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 and (ii) for "bail release," claiming that the Section 2255 proceedings were flawed because his lawyer allegedly concealed from the Court an alleged conflict of interest of a former Assistant United States Attorney ("AUSA") that allegedly arose and ended during the underlying criminal case.  For the reasons set forth below, the motion to reopen the judgment is denied and the motion for "bail release" is denied.

**Prior Proceedings**

In April 1995, Hoffenberg pleaded guilty before this Court to conspiracy to commit securities fraud, mail fraud, conspiracy to obstruct an investigation by the United States Securities and Exchange Commission ("SEC"), and income tax evasion.  See United States v. Hoffenberg, Nos. 94 Cr. 213 and 95 Cr. 321, 1997 WL 96563, at *1 (S.D.N.Y. Mar. 5, 1997).  On March 7, 1997, the Court

1

sentenced Hoffenberg principally to a term of 20 years'
imprisonment. See id. at *15. Hoffenberg is currently
serving his sentence. The Second Circuit affirmed
Hoffenberg's conviction and sentence in a summary order.
United States v. Hoffenberg, Nos. 97-1159(L) and 97-1166,
1998 WL 695933, at *2 (2d Cir. Sept. 22, 1998).

After seeking and being denied a rehearing en
banc, Hoffenberg filed a Section 2255 petition on or about
June 21, 2000. See Hoffenberg v. United States, 436 F.
Supp. 2d 609, 610 (S.D.N.Y. 2006). In an opinion, dated
June 21, 2006, the Court granted a certificate of
appealability on issues relating to an alleged conflict of
interest concerning Hoffenberg's former counsel. On April
3, 2007, the Court denied a request by Hoffenberg's counsel
to certify the appealability of the issue of the alleged
conflict of a former AUSA. In a summary order, dated June
19, 2009, the Second Circuit upheld this Court's denial of
the Section 2255 petition. Hoffenberg v. United States,
2009 WL 1740050, at *3 (2d Cir. June 19, 2009).

On December 28, 2009, Hoffenberg filed the
instant Rule 60 motion, which was marked fully submitted on
February 10, 2010.

2

**The Facts**

A.    The Offense Conduct

The charges to which Hoffenberg pleaded guilty
principally relate to his conduct as the chief executive
officer, president and chairman of the board of Towers
Financial Corporation ("Towers"). See Hoffenberg, 1997 WL
96563, at *1-*8. For example, Hoffenberg and his co-
conspirators made fraudulent representations in connection
with the sale of more than $270 million in promissory notes
for Towers and the sale of $210 million in bonds for a
related entity. See id. at *4-*5. In or about 1989, the
SEC began an investigation of the fraudulent sale of
Towers' securities. See id. at *6. Hoffenberg
intentionally testified falsely in several SEC depositions
and directed Towers employees and associates to testify
falsely during the SEC investigation. See id.

Hoffenberg also participated in an entirely
separate fraudulent scheme in Illinois whereby he
misappropriated and misused more than $3 million of funds
and bonds belonging to two Illinois-based insurance

3

companies controlled by Towers.  See id. at *1.  Hoffenberg
was indicted for this conduct in the Northern District of
Illinois and the indictment was transferred to this Court
pursuant to Rule 20 of the Federal Rules of Criminal
Procedure.  See id. at *7.  Hoffenberg's guilty plea
included a plea to one count of mail fraud in connection
with the scheme he perpetrated in Illinois.  See id. at *8;
United States v. Hoffenberg, 859 F. Supp. 698, 699
(S.D.N.Y. 1994).

        Hoffenberg also evaded personal income taxes for
the years 1987 through 1991 by causing a number of his
personal expenses to be paid by a corporation he owned.
See Hoffenberg, 1997 WL 96563, at *6.  As a result, he
avoided paying approximately $668,280 in income taxes.  See
id.

B.      Cooperation Agreement and Guilty Plea

        On or about September 23, 1993, Hoffenberg
entered into an agreement with the Government (the
"Cooperation Agreement"), pursuant to which he agreed,
among other things, to plead guilty to certain charges and
to cooperate with the Government's investigation.  See

4

Hoffenberg, 859 F. Supp. at 699.  The Government
subsequently advised Hoffenberg that he had breached the
Cooperation Agreement by concealing assets and his interest
in two companies.  Id. at 699-700.  Hoffenberg sought to
enforce specific performance of the Cooperation Agreement.
From June 5 through June 14, 1995, this Court held a five-
day hearing on Hoffenberg's motion for specific
performance, during with former AUSA Daniel Nardello
("Nardello") and several other witnesses testified.  In an
opinion dated December 18, 1995, this Court denied
Hoffenberg's motion.  See United States v. Hoffenberg, 908
F. Supp. 1265, 1280 (S.D.N.Y. 1995).


C.    The Section 2255 Proceedings


         After submitting various letter motions to this
Court starting in December 1999, Hoffenberg filed a Section
2255 petition on or about June 21, 2000, asserting several
ineffective assistance of counsel claims against various
counsel, each of which derived from his allegation that
Hoffman & Pollok LLP, the law firm that represented him at
the time of his guilty plea, had a conflict of interest.
The Court denied the Section 2255 petition.  See Hoffenberg
v. United States, 436 F. Supp. 2d 609, 614 (S.D.N.Y. 2006).

5

On or about September 21, 2006, Robin Smith ("Smith"), counsel for Hoffenberg for part of the Section 2255 proceeding, submitted a supplemental declaration in support of Hoffenberg's motion for a certificate of appealability (the "Supplemental Declaration"). The Supplemental Declaration stated that Hoffenberg had "recently learned" that Nardello negotiated employment with Decision Strategies — an investigations firm employed by Towers' bankruptcy trustee during the prosecution of Hoffenberg's case — while he was employed by the United States Attorney's Office and prosecuting Hoffenberg, in violation of 18 U.S.C. § 208, a criminal conflict of interest statute.

On October 10, 2006, a certificate of appealability from the denial of the Section 2255 petition was granted without reference to the Supplemental Declaration. On or about April 30, 2007, the Court, by a Memo-Endorsement Order, treated the Supplemental Declaration as a motion to grant a certificate of appealability on an issue not determined by its June 2006 opinion, and denied the motion.

6

Hoffenberg appealed to the Second Circuit the
denial of his Section 2255 petition.  Before the Second
Circuit, he argued for the first time that he received
ineffective assistance of counsel because his trial counsel
allegedly failed to cross-examine Nardello sufficiently.
He also sought remand to add to his Section 2255 petition a
claim relating to the cross-examination of Nardello
concerning his alleged conflict of interest.  The
Government did not oppose the motion, but noted that the
claim would fail because, among other reasons, it would be
time-barred.  On June 19, 2009, the Second Circuit issued a
summary order holding that this Court did not err in
denying Hoffenberg's 2255 petition.  Hoffenberg, 2009 WL
1740050, at *3.  The Second Circuit dismissed the portion
of the appeal concerning the cross-examination of Nardello,
noting that an appeal from a denial of a Section 2255
petition is limited to the issue certified for appeal and
that the alleged failure to cross-examine Nardello
sufficiently was "totally unrelated" to Hoffenberg's former
counsel's purported conflict of interest.  Id. at *2.  The
Second Circuit also declined to transfer to this Court
Hoffenberg's attempt to file an additional petition raising
new claims, holding that a transfer would be futile because
the additional petition was untimely.  Id. at *3.

7

D.    Hoffenberg's Rule 60 Motion

Hoffenberg filed the instant Rule 60 motion pro
se on December 29, 2009.  His motion papers present the
following three questions:   (i) whether there were
structural errors in the Section 2255 proceedings as a
result of alleged fraud on the court by Smith for allegedly
concealing "crimes" purportedly committed by Nardello "at
the time of the grand jury indictment presentation"; (ii)
whether Smith obstructed justice by allegedly preventing
the Court from learning about the alleged bribery of
Nardello; and (iii) whether it was "obstruction fraud" from
Smith to have allegedly prevented the Court from learning
how Hoffenberg's former partner allegedly paid bribes to
Nardello from Towers funds to ensure that the former
partner would avoid prosecution.  Hoffenberg's purported
basis for his bribery allegations is that Nardello
allegedly violated 18 U.S.C. § 208, the same argument Smith
presented to this Court in her Supplemental Declaration.

**The Rule 60(b) Motion Constitutes Relitigation and is Denied as Beyond the Scope of Rule 60(b)**

Hoffenberg seeks relief under Fed. R. Civ. P. Rule 60(b)(3) and (6). Rule 60(b)(3) provides that a court may relieve a party from a final judgment entered as a result of fraud by an opposing party. Rule 60(b)(6) is a "catch-all" provision providing that a court may relieve a party from a final judgment for "any other reason that justifies relief." Since 28 U.S.C. § 2255 provides a vehicle for a prisoner to move the sentencing court to vacate or correct the sentence, "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004); see United States v. Morales, No. 03 CV 4676, 2008 WL 4921535, at *4 (S.D.N.Y. Nov. 10, 2008); Grullon v. United States, No. 99 Civ. 1877, 2004 WL 1900340, at *4 (S.D.N.Y. Aug. 24, 2004).

Hoffenberg has sought to frame his argument as an attack on the integrity of the habeas proceeding by claiming that during the habeas proceeding his post-

9

conviction counsel concealed fraud by the Government that
occurred during the underlying criminal proceeding.
However, the prior proceedings set forth above establish
that he has repackaged as a Rule 60 motion a prior argument
concerning the validity of his underlying conviction.
Hoffenberg attempted to raise Nardello's alleged conflict
with this Court, but a certificate of appealability
concerning the alleged conflict was denied.  Hoffenberg
then argued before the Second Circuit that his counsel for
his criminal case rendered ineffective assistance by
inadequately cross-examining Nardello as to this alleged
conflict during the hearing concerning specific performance
of the Cooperation Agreement.  Now, Hoffenberg makes a
substantially similar argument, but claims this time that
his post-conviction counsel failed to inform the Court
about Nardello's alleged conflict.  Rule 60(b) is not a
vehicle to relitigate issues already raised during a prior
Section 2255 proceeding.  See White v. United States, No.
1:96-CV-1912, 2009 WL 1405212, at *2 (N.D.N.Y. May 18,
2009) ("Rule 60(b) is not properly used as a mechanism to
relitigate issues already resolved in a prior § 2255
motion."); Davis v. United States, Nos. 08 Civ. 7515 and 05
CIV 0694, 2009 WL 222354, at *1 (S.D.N.Y. Jan. 27, 2009).
This motion is an impermissible attempt to relitigate

issues already decided by the Court during the Section 2255
proceeding.

Given that Hoffenberg's motion seeks to attack
his underlying conviction, the Court has two procedural
options: (i) treat the motion as "a second or successive"
habeas petition and refer it to the Second Circuit for
possible certification; or (ii) deny the motion, or portion
thereof, attacking the underlying conviction "as beyond the
scope of Rule 60(b)." Harris, 367 F.3d at 82 (citing
Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002).

The Second Circuit has cautioned against
referring a Rule 60(b) motion to that Court without
informing the movant of the District Court's intent to do
so and allowing the movant to withdraw the motion so as to
avoid the adverse consequences that may flow from such a
referral. See Gitten, 311 F.3d at 532-34. The Second
Circuit has noted not the potential adverse consequences
include summary rejection of the motion and summary denial
of any subsequent challenge as an abuse of the writ. Id.
at 533. Here, it is likely that the Second Circuit would
find an abuse of the writ given that it has already held
that hearing a new Section 2255 petition would be futile.

11

Accordingly, Hoffenberg's motion is denied as beyond the scope of Rule 60(b).  See Harris, 367 F.3d at 82.

## The Rule 60(b) Motion is Denied on the Merits

Relief under Rule 60(b) is only warranted if the defendant presents "highly convincing" evidence that demonstrates "extraordinary circumstances" justifying relief.  James v. United States, 603 F. Supp. 2d 472, 478 (E.D.N.Y. 2009); Morales, 2008 WL 4921535, at *3 (quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)).

First, Hoffenberg's motion under Rule 60(b)(3) fails because the allegations of Government fraud pertain to the underlying criminal proceedings, and are therefore beyond the scope of Rule 60(b).  To the extent Hoffenberg intends to allege that the Government participated with his counsel in the alleged concealment of Nardello's alleged conflict of interest, and that this allegation constitutes an attack on the integrity of the prior habeas proceeding, Hoffenberg has failed to submit any evidence, let alone "highly convincing" evidence to support his allegation.

12

Second, Hoffenberg's motion under Rule 60(b)(6)
also fails. The requisite "extraordinary circumstances"
justifying Rule 60(b) relief are "particularly rare where
the relief sought is predicated on the alleged failures of
counsel in a prior habeas petition," given that "a habeas
petitioner has no constitutional right to counsel in his
habeas proceeding." Harris, 367 F.3d at 77. To prevail on
such a theory under Rule 60(b)(6), Hoffenberg must show
that his counsel abandoned the case or prevented him from
being heard. Id. To the contrary, here, Hoffenberg's
lawyer previously presented and the Court ruled upon
Nardello's alleged conflict of interest.[1] See White, 2009
WL 1405212, at *2; Davis, 2009 WL 222354, at *1.

Furthermore, Hoffenberg's motion is time-barred
under Rule 60(b)(3) and (6). Rule 60(b)(3) motions must be
made within one year of the entry of judgment. Fed. R.

---

[1] Hoffenberg's motion papers are unclear about the period of time
during which he asserts that Smith allegedly concealed Government
misconduct from the Court. Even if Hoffenberg is claiming that Smith
should have raised the alleged misconduct prior to the filing of the
Supplemental Declaration, Hoffenberg has not made any evidentiary
showing about Smith's knowledge of the allegations prior to that point.

In addition, Hoffenberg fails to demonstrate that any conflict of
interest violation occurred. He relied solely on the facts that
Nardello became employed by Decision Strategies, and that Towers'
bankruptcy trustee contracted with Decision Strategies. Section 208
requires evidence that Nardello knew of a conflict and that Decision
Strategies' financial interests were affected by the prosecution of
Hoffenberg. 18 U.S.C. § 208.

13

Civ. P. 60(c)(1). Rule 60(b)(6) motions must be made with a "reasonable time." Id.; see Morales, 2008 WL 4921535, at *3. To determine whether a delay is reasonable, a court must consider "the particular circumstances of the case, and balance the interest in finality with reasons for delay." Id. (quoting PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983)). The Second Circuit has found delays of 18 months and 26 months unreasonable. Id. (citing Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995) and Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001)). Here, judgment was entered on July 28, 2006, and Hoffenberg's motion was not filed until December 28, 2009, a delay of almost three and a half years. Even if the relevant judgment were the Court's denial of a certificate of appealability on the issues raised in the Supplemental Declaration, the delay amounts to more than two and half years. The motion is therefore time-barred.

## The Motion for "Bail Release" is Denied

The motion for "bail release" is based upon the allegations underlying the Rule 60(b) motion. The denial of that motion mandates denial of the motion for "bail release."

14

## Conclusion

For the reasons set forth above, Hoffenberg's motion pursuant to Federal Rule of Civil Procedure 60(b) is denied, and his motion for bail is denied.

It is so ordered.

New York, NY
April 2₀, 2010

ROBERT W. SWEET
U.S.D.J.